UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>v.<br><br>REYNALDO PEDREGON,<br><br>    Defendant. | Case No. 5:10-cr-00344-EJD-1<br><br>**ORDER GRANTING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I); GRANTING SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)**<br><br>Re: ECF Nos. 148, 154 |

Before this Court are Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 148) and Supplemental Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 154). For the reasons discussed below, the Court **GRANTS** Defendant's request.

I. **BACKGROUND**

On January 11, 2012, Defendant Pedregon was convicted of one count of possession with intent to distribute over fifty grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) in this District. ECF No. 102. Because of a prior felony drug conviction, Defendant's statutory minimum sentence was 20 years. In March 2012 Defendant was sentenced to 240 months' imprisonment followed by 10 years supervised release. ECF No. 109. He is currently serving his sentence at the Satellite Camp at USP Atwater with an expected release date of February 16, 2027. ECF No. 159 at 2.

Appearing pro se, Defendant moved to reduce his sentence to time served or 15 years

1   pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion"), asserting "extraordinary and compelling"

2   reasons justifying a reduction in his sentence. ECF No. 148. Approximately four months later,

3   with the assistance of counsel Defendant filed a supplemental motion for compassionate release

4   pursuant to § 3582(c)(1)(A) ("Supplemental Motion"). ECF No. 154. The government opposes

5   Defendant's motions, asserting that Defendant has failed to show extraordinary and compelling

6   reasons warranting a reduction in his sentence or compassionate release.[1]

## II.     LEGAL STANDARD

Section 3582(c)(1)(A), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), provides that a court may modify a previously imposed sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Under this provision the court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). In determining whether "extraordinary and compelling reasons" exist for reducing the defendant's sentence, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The Court must also ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Section 3582(c)(1)(A)(i) does not specifically define what constitutes "extraordinary and compelling circumstances" but the "Application Notes" of § 1B1.13 of the United States Sentencing Guideline ("U.S.S.G.") set forth the following categories: "(1) medical conditions which diminish the ability of the defendant to provide self-care in prison, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that

---

[1] The parties do not dispute that Defendant has exhausted his administrative remedies pursuant to Section 3582(c)(1)(A).

Case No.: 5:10-cr-00344-EJD-1
ORDER GRANTING MOT. TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I);GRANTING SUPPL. MOT. FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)
2

exist either separately or in combination with the previously described categories." *United States v. Davis*, No. 98-CR-40082-YGR, 2021 WL 5816283, at *1 (N.D. Cal. Nov. 9, 2021) (citing U.S.S.G. § 1B1.13, Application Note 1(A)).

## III. DISCUSSION

### A. Extraordinary and Compelling Reasons

Defendant seeks a reduction in sentence arguing changes in sentencing law and his extensive rehabilitative efforts support a reduction.[2] ECF Nos. 148 at 9; 154 at 2, 5. Defendant asserts that, in light of the First Step Act, his 20-year mandatory minimum sentence is disproportionate to what Congress now considers fair for his conviction. ECF No. 154 at 2. The government argues that changes to the mandatory minimum sentence under the First Step Act are not retroactive. ECF No. 159 at 5.

Title 21 United States Code Section 841(b)(1) sets forth penalty provisions, including increased mandatory minimum and maximum terms of imprisonment if the defendant has a prior conviction for a "felony drug offense," defined as any drug offense "that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country." 21 U.S.C. § 802(44). At the time of Defendant's sentencing in March 2012 for his conviction under 21 U.S.C. § 841(b)(1)(A), his prior felony drug conviction resulted in a mandatory minimum sentence of 20 years.

Since Defendant's sentencing in 2012, the passage of the First Step Act ratified "[m]onumental . . . changes to sentencing calculations, mandatory minimums, [and] good behavior credits." *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). "As relevant here, the First Step Act limited mandatory minimum enhancements based on prior drug convictions along two axes—the length of the mandatory minimums imposed and the range of offenses that trigger

---

[2] Defendant's briefs also indicate that his "health" in combination with the other considerations favors granting compassionate release, although neither motion identifies what medical conditions, if any, support his assertion. Defendant's BOP medical records do not indicate that Defendant suffers from any medical condition besides chronic pain.

Case No.: 5:10-cr-00344-EJD-1
ORDER GRANTING MOT. TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I);GRANTING SUPPL. MOT. FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)

3

mandatory minimums in the first instance. For convictions under 21 U.S.C. § 841(b)(1)(A), the enhanced mandatory minimum based on one prior conviction was reduced from 20 years to 15 years, and the enhanced mandatory minimum based on two or more prior convictions was reduced from life to 25 years." *United States v. Lii*, 528 F. Supp. 3d 1153, 1160 (D. Haw. 2021). Defendant's sentence falls into the first bucket.

Had Defendant been sentenced after the passage of the First Step Act, the mandatory minimum would have been reduced to 180 months from 240 months imprisonment. It is unlikely that Defendant would have received in excess of the 180 months mandatory minimum given the quantity of drugs on which he was convicted, 85 grams of methamphetamines. *See Lii*, 528 F. Supp. 3d at 1162 (finding that, "if sentenced today, this court would almost certainly not sentence Defendant in excess of a 15-year mandatory minimum given the quantity of drugs involved in the instant offense" where defendant pled guilty to three methamphetamine-related offenses involving a total of 104.6 grams of actual methamphetamine).

Turning first to whether non-retroactive changes to mandatory minimums permit reductions in sentences, "[d]istrict courts are split on the question of whether drastic sentencing disparities created by the First Step Act's reforms can constitute extraordinary and compelling reasons for the purpose of compassionate release." *Id.* (collecting cases). Some district courts—including those in this circuit—have concluded "on an individualized basis, 'the severity of a [pre-First Step Act] sentence, combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A).'" *Id.* at 1163 (quoting *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020)). The fact that the statute is not retroactive has not precluded courts in this circuit "from considering this legislative change in deciding whether to reduce [a defendant's] sentence." *United States v. Padilla*, No. 1:06-CR-00059-JLT, 2022 WL 1190224, at *5 (E.D. Cal. Apr. 21, 2022) (citing *United States v. Parker*, No. 2:97-CR-202-TLN-EFP, 2021 WL 1966409 at *3 (E.D. Cal. May 17, 2021) (collecting cases)). Accordingly, "the enactment of the First Step

Act and its sentencing reforms may constitute an extraordinary and compelling reason that warrants the granting of compassionate release in some particular cases." *Padilla*, 2022 WL 1190224, at *5; *see also United States v. Chan*, No. 96-CR-00094-JSW-13, 2020 WL 1527895 (N.D. Cal. March 31, 2020) (finding the combination of rehabilitation and changes to 18 U.S.C. § 924(c) demonstrated extraordinary and compelling reasons to reduce defendant's sentence).

An "individualized" case evaluation for compassionate release on these grounds requires a court to consider the total sentencing disparity, the defendant's age at present and at the time of conviction, evidence of rehabilitation, and the percentage of the original sentence that a defendant has already served. *Padilla*, 2022 WL 1190224, at *6 (collecting cases). As noted, the disparity between the mandatory minimum at the time of Defendant's sentencing versus after passage of the First Step Act is five years. To date, Defendant has served more than 13 years, or almost 162 months. Accounting for good time credits, Defendant asserts that he has served over 15 years of his 20-year term of imprisonment. ECF No. 154 at 2. He is 58 years old.

Defendant contends he has undertaken meaningful rehabilitation by taking various educational courses dating back to 1998 through present, working several jobs, teaching classes, and assisting other inmates with legal work. *Id.* at 7. Defendant's coursework includes completion of the Drug Education Program at USP Beaumont in 2005, the Pathway Society Outpatient Program in 2009, the DUI Program at the National Traffic Safety Institute in 2010, and the Drug Education Program at USP Lompoc in 2013. ECF No. 148, Ex. C. He received training in carpentry and plumbing through an Arizona college during his time at FCI Safford before his transfer to Atwater. *Id.* at 8; ECF No. 148, Ex. D. Defendant also worked as a mechanic on the garage crew at FCI Safford inspecting and performing general maintenance of vehicles. ECF Nos. 148, Ex. D; 154 at 7–8. He received positive reviews from his supervisors regarding his attitude and the quality of his work for both his jobs as a mechanic and employee at the Unicor Textile Factory at Safford. ECF Nos. 154 at 7–8; 148, Ex. B.

At Atwater, Defendant runs the Laundry Department for the Camp, works at the

Case No.: 5:10-cr-00344-EJD-1
ORDER GRANTING MOT. TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I);GRANTING SUPPL. MOT. FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)

5

1    Commissary Warehouse, and teaches Native American classes. *Id.* at 8. Defendant attests that he

2    has continued to participate in substance abuse programs throughout the years and attend

3    behavioral therapy. ECF No. 148 at 13. Finally, Defendant attaches letters from friends and

4    family members with whom he has maintained close relationships over the years and who

5    continue to support him. ECF No. 154 at 8. The government does not dispute Defendant's

6    rehabilitative efforts.

7        In sum, Defendant has shown significant rehabilitation throughout his time at FCI Safford

8    and USP Atwater. Coupled with the aforementioned disparity in Defendant's sentencing,

9    Defendant's successful rehabilitation weighs in favor of granting compassionate release.

10   Accordingly, the Court finds extraordinary and compelling reasons to modify Defendant's

11   sentence.[3] Before determining if release is warranted, however, the Court must consider the §

12   3553(a) factors.

### B.    Section 3355(a) Factors and Public Safety

    Defendant has shown that the relevant § 3553(a) factors support compassionate release. In determining whether "extraordinary and compelling reasons warrant a reduction in sentence," courts also "consider the factors set forth in Section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). The seven factors are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims." *United States v. Hernandez*, 795 F.3d 1159, 1168 (9th Cir. 2015) (citing 18 U.S.C. §

---

[3] Defendant also argues that the harsh conditions of confinement during the Covid-19 pandemic is an additional extraordinary and compelling reason warranting a reduction in sentence. *See* ECF No. 148. The Court finds that other considerations constitute extraordinary and compelling reasons and need not consider the harsh conditions of confinement at this time.

Case No.: 5:10-cr-00344-EJD-1
ORDER GRANTING MOT. TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I);GRANTING SUPPL. MOT. FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)

6

1    3553(a)).

2    The government asserts that the § 3553(a) factors do not support Defendant's release. In

3    support, the government cites defendant's criminal history which dates back to 1982 when

4    Defendant was first convicted of obstructing a police officer, theft by receiving, and burglary at 16

5    years old. ECF No. 159 at 10. Defendant acknowledges his prior criminal history but contends

6    that the BOP's risk assessment concluded that he is at "low risk" under both the general and

7    violent risk level categories in his most recent PATTERN score. ECF Nos. 162 at 9; 148, Ex. D.

8    He notes the BOP found it safe to allow him to participate in the Gate Pass Program permitting

9    him to transfer and travel to a minimum-security satellite camp unescorted. ECF No. 154 at 7.

10   Defendant argues that this assessment, his record of good behavior and steady employment in

11   BOP custody, and his family support demonstrate his successful rehabilitation such that he does

12   not pose a danger to the community. Additionally, given Defendant's older age he is less likely to

13   recidivate. *United States v. Luna*, 478 F. Supp. 3d 859, 863 (N.D. Cal. 2020). The Court agrees.

14   Defendant notes that, as an enrolled member of the Oglala Sioux Tribe of the Lakota

15   Nation, he has housing, educational, and vocational opportunities available upon his release.

16   Defendant's brother has agreed to provide housing to Defendant at his home on the Pine Ridge

17   Reservation in South Dakota upon Defendant's release and remain until he is able to secure his

18   own place. ECF no. 154-1, Ex. H. Probation conducted a home inspection and approved

19   Defendant's release plan and relocation request to South Dakota, provided that Defendant

20   participates and completes a cognitive behavioral program as directed by the probation office upon

21   his release. ECF No. 164.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's motions for compassionate release pursuant to 18 U.S.C. § 3582(c) are **GRANTED**.

Pedregon's sentence is reduced to time served followed by a 10-year term of supervised release. The term of supervised release is subject to the standard and mandatory conditions

Case No.: 5:10-cr-00344-EJD-1
ORDER GRANTING MOT. TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I);GRANTING SUPPL. MOT. FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)
7

1  imposed by the supervising Probation Office and the special condition that Defendant participates
2  and completes a cognitive behavioral program as directed by the Probation Office upon his
3  release.

4      Since there is an approved residence and release plan in place, this Order is stayed for up to
5  14 days to make appropriate travel arrangements for Pedregon's release.  Pedregon shall be
6  released immediately once appropriate travel arrangements are made.  If more than 14 days are
7  needed to make appropriate travel arrangements, then the parties shall immediately notify the
8  court and show cause why the stay should be extended.

9  **IT IS SO ORDERED.**

10 Dated: June 30, 2023

EDWARD J. DAVILA
United States District Judge

27 Case No.: 5:10-cr-00344-EJD-1
28 ORDER GRANTING MOT. TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I);GRANTING SUPPL. MOT. FOR COMPASSIONATE RELEASE PURSUANT TO § 3582(C)(1)(A)

8